UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JERI REISER HYDRICK, an individual, | CASE NO. C10-1565RSM |
| Plaintiff, | ORDER |
| v. | |
| HOLLAND AMERICA LINE, N.V., a Netherlands corporation,, | |
| Defendant. | |

Plaintiff Jeri Reiser Hydrick, a resident of San Diego, California, filed this action asserting that she was injured aboard a cruise ship operated by defendant. The matter is before the Court for a ruling on defendant's motion to compel an independent medical examination ("IME") and deposition of plaintiff in this district. Dkt. # 8. Plaintiff has opposed the motion. For the reasons set forth below, the motion shall be granted in part, and denied in part.

DISCUSSION

As a threshold matter, the Court finds that counsel has complied with the certification requirement set forth at Fed.R.Civ.P. 37(a)(1) and the companion Local rule CR 37 (a)(1)(A) by

ORDER - 1

setting forth three separate occasions when she requested a Rule 37 conference with plaintiff's attorney[1] in California and he did not respond. Declaration of Christine A. Slattery, Dkt. # 9, ¶¶ 5, 7, 8.  The Court shall therefore reach the merits of the motion to compel.

Plaintiff, in opposing the motion, asserts that she does not object to either the IME or the deposition, as long as they take place in San Diego rather than Seattle. She acknowledges the general rule that depositions and IMEs take place in the district where the case is pending, but contends that the rule does not apply here because she did not choose the forum. She filed this action in this district pursuant to a forum selection clause in her contract of carriage with the cruise ship, not by her own choice, so it would be more fair to have the IME and deposition take place where she resides. She states in her declaration that she is eighty years old, on a fixed income, and the primary caretaker for her ill husband. Declaration of Jeri Reiser Hydrick, Dkt. # 10-1, ¶ 5.

Defendant has cited to an earlier decision of this Court for the proposition that a cruise ship passenger plaintiff does choose the forum when she buys a ticket and accepts all terms of the contract of carriage, including a forum selection clause. *Karter v. Holland America Line-Westours Inc.*, 1996 WL 901712 (W.D.Wash.1996). The Court also noted in that case that IME's are generally held in the district where the suit is pending to assure that the examining doctor is available as a witness. *Id*.

---

[1] Plaintiff appears *pro se* in this action. However, she is assisted by an attorney in California who has apparently chosen not to submit an application to appear *pro hac vice*. According to defendant, it can only reach plaintiff through this attorney. Defendant has included a motion to strike plaintiff's opposition to the motion to compel, contending that it was written by the attorney and thus constitutes the unauthorized practice of law in this district. Dkt. # 12. However, as the attorney has not signed the opposition, the motion to strike shall be denied. Dkt. # 10.

ORDER - 2

This Court is not bound by the result in the *Karter* unpublished decision. The Court there simply found that the plaintiff had "exercised some choice" in the forum selection. *Id*. However, the choice was not fully voluntary. Viewing all of the circumstances present here, including plaintiff's age and the representation by plaintiff that the parties are attempting an early mediation, the Court finds no basis at this time to compel her to travel to Seattle for the IME and deposition. Defendant can arrange for both to take place in San Diego.[2] The burden on defendant in traveling to San Diego for the deposition will be less than the burden on plaintiff of traveling to Seattle. In the event this matter proceeds to trial, and the live testimony of an IME is appropriate, the issue of the witness's availability will be addressed at that time.

Defendant's motion to compel is according GRANTED as to a determination that plaintiff must appear for an IME and deposition, but DENIED as to the request that these take place in this district.

DATED: March 16, 2011.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

[2] The Court anticipates that an issue may arise as to the presence of plaintiff's California attorney at the deposition. The deposition is a proceeding of this Court, and the representation of plaintiff at the deposition would accordingly constitute the practice of law in this district. Unless the attorney is admitted *pro hac vice* before the deposition, such practice would be unauthorized.